**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA vs.                    CR 01-651(A)FMC
Defendant **RICHARD TODD RANSOPHER**          Social Security # **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**
Residence **2125 Kings View Circle**          Mailing Address **same**
**Spring Valley, CA 91977**     ORIGINAL

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person, on: **April 15, 2002**
                                                        Month / Day / Year

**COUNSEL:**
_____ **WITHOUT COUNSEL**
However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.
**_X_ WITH COUNSEL:** **Ellen Barry, appointed**

ENTERED
CLERK, U.S. DISTRICT COURT
APR 1 7 2002
CENTRAL D
BY

**PLEA:**
**_X_ GUILTY,** and the Court being satisfied that there is a factual basis for the plea.
_____ **NOLO CONTENDERE**          _____ **NOT GUILTY**

**FINDING:**
There being a verdict of _____ **GUILTY** on _____, defendant has been convicted as charged of the offense(s) of:

18 USC 2422(b): Use of Facility of Interstate Commerce to Attempt to Induce Minor to Engage in Criminal Sexual Activity (Count 1 of First Superseding Information);
18 USC 2252A((a)(5)(B): Possession of Child Pornography (Count 2 of First Superseding Information

**JUDGMENT AND PROBATION/COMMITMENT ORDER:**
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: 33 (thirty-three) months on Counts 1 and 2 of the First Superseding Information. This term consists of 33 months on each of Counts 1 and 2 of the First Superseding Information, to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 (three) years on each of Counts 1 and 2, such terms to run concurrently, under the following terms and conditions: 1) The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318 and obey all laws; 2) The defendant shall refrain from any unlawful use of a controlled substance. As directed by the Probation Officer, the defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Probation Officer; 3) During the period of community supervision the defendant shall pay the special assessment/restitution/fine in accordance with this judgment's orders pertaining to such payment; 4) The defendant shall participate in a psychological/psychiatric counseling and/or a sex offender treatment program, which may include inpatient treatment as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluation(s) and physiological testing, such as polygraph, plethysmograph, and Abel testing; 5) As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological counseling/sex offender treatment to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer; 6) The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vacation, or is a student, as directed by the Probation Officer; 7) The defendant shall not possess any materials that depict sexually explicit conduct as defined in 18 USC 2256(8); 8) The defendant shall not possess any material that his treatment provider determines will interfere with the defendant's successful treatment and/or rehabilitation; 9) The defendant shall not frequent or loiter within 100 feet from school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities or other places primarily used by children under the age of 18; 10) The defendant shall not reside within a one-mile radius from school yards, parks, public swimming pools,

## JUDGMENT AND PROBATION/COMMITMENT ORDER

playgrounds, youth centers, video arcade facilities or other places primarily used by children under the age of 18.  The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  The defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move; 11) The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 except 1) in the presence of the parent or legal guardian of said minor, and 2) on the condition that the defendant notifies said parent or legal guardian of his/her conviction in the instant offense.  This provision does not encompass persons ;under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services; 12) The defendant shall not possess a computer with modem and software capabilities that enable him to access the Internet.  Further, the defendant shall not have access to the Internet other than at his place of employment, and then only in furtherance of anything relating to the defendant's employment.  The defendant shall not have access to the Internet through any other means.

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately.  It is ordered that the defendant shall pay to the United States a total fine of $7,500, which shall bear interest as provided by law.  The fine shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of the fine remains unpaid after release from custody, monthly installments of $200, shall be made during the period of supervised release.  These payments shall begin 30 days after the commencement of supervision.  The defendant shall comply with General Order 01-05 (see separate page for terms and conditions).  It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, **June 3, 2002.**  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:  United States Court House, Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.  **The Court recommends designation to FCI Butner, in Butner, North Carolina.**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.
⎯⎯ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by:  District Judge ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
FLORENCE-MARIE COOPER

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Dated/Filed **APR 1 6 2002**
Month / Day / Year

Sherri R. Carter, Clerk
By ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Alicia Mason, Deputy Clerk

UNITED STATES OF AMERICA v RICHARD TODD RANSOPHER       CR 01-651(A)FMC
                                                                                04/15/02

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and **01-05.**

### Statutory Provisions Pertaining to Payment and Collection of Financial Sanctions

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### Special Conditions for Probation and Supervised Release

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

# STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

## While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. The defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. The defendant shall support his or her dependents and meet other family responsibilities;

6. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. The defendant shall refrain from excessive use of alcohol and shall not purchase, posses, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. The defendant shall permit a probation officer to visit him or her ant any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make notifications and to conform the defendant's compliance with such notification requirement;

15. The defendant shall not possess a firearm or other dangerous weapon;

16. The defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

The conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____     BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: **APR 1 6 2002**     BY: _____
Alicia Mason, Courtroom Deputy Clerk

AO-245-B (01/90)          JUDGMENT AND PROBATION/COMMITMENT ORDER

# NOTICE PARTY SERVICE LIST

Case No. CR 01-651(A)FmC  Case Title U.S.A. v Ransopher

Filed Date APR 16 2002 _____ Title of Document J+C

| | |
|---|---|
| | Atty Sttlmnt Officer |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | Calderon, Arthur - Warden, San Quentin |
| | CAAG (California Attorney General's Office - Susan Frierson, L.A. Death Penalty Coordinator) |
| | CA St Pub Defender (Calif. State PD) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Adm |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/ C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| ✓ | Fiscal Section |
| | Intake Supervisor |
| | Interpreter Section |
| ✓ | PSA (Pretrial Services Agency) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |
| | Stratton, Maria - Federal Public Defender |
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| ✓ | US Marshal Service - Los Angeles |

| | |
|---|---|
| | US Marshal Service - Santa Ana |
| | US Marshal Service - Riverside |
| ✓ | US Probation Office |
| | US Trustee's Office |

**ADD NEW NOTICE PARTY (\* print name and address below):**

_____

_____

_____

\* Print name & address of the notice party if this is the first time this notice party is being served through Optical Scanning.  Print **ONLY** the name of the notice party if documents have previously been served on this notice party through Optical Scanning.

| _JUDGE / MAGISTRATE JUDGE (list below):_ |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** _____